KALPANA SRINIVASAN (237460)
ksrinivasan@susmangodfrey.com
KATHRYN P. HOEK (219247)
khoek@susmangodfrey.com
OLEG ELKHUNOVICH (269238)
oelkhunovich@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiff Sol IP, LLC*

**FILED**

**JAN 23 2020**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUBPOENA ON INTEL CORPORATION | Case No.: CV-20 80019MISC NC |
| | **PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ON INTEL CORPORATION** |
| SOL IP, LLC, *Plaintiff*, | Underlying Cases: |
| v. | Civil Action No. 2:18-cv-00526-RWS-RSP |
| AT&T MOBILITY LLC, *Defendant*. | |
| v. | **CONSOLIDATED LEAD CASE** |
| SPRINT COMMUNICATIONS CO L.P., SPRINT SOLUTIONS, INC., and SPRINT SPECTRUM L.P., *Defendants*. | **JURY TRIAL DEMANDED** Civil Action No. 2:18-cv-00527-RWS-RSP |
| v. | Civil Action No. 2:18-cv-00528-RWS-RSP |
| CELLCO PARTNERSHIP d/b/a/ VERIZON WIRELESS, *Defendants*. | |
| v. | (Pending in the U.S. District Court for the Eastern District of Texas) |
| ERICSSON INC. and NOKIA OF AMERICA CORPORATION, *Intervenor*. | |

FAXED

1

## NOTICE OF MOTION AND MOTION

Plaintiff Sol IP, LLC ("Sol IP") hereby moves, pursuant to Federal Rules of Civil Procedure 34(c), 37(a)(1) and 45, for an Order, compelling third party Intel Corporation ("Intel") to comply with a Subpoena served by Sol IP in the above-styled consolidated cases, *Sol IP, LLC v. AT&T Mobility LLC, et al*, Lead Case No. 2:18-cv-00526-RWS-RSP, pending before the United States District Court for the Eastern District of Texas, Marshall Division.  Sol IP requests the Court compel Intel to (1) make available for inspection to Sol IP source code related to certain accused devices used on Defendants' wireless networks and sold by Defendants as found in Intel's baseband processors, and (2) produce all documents evidencing compliance of Intel's baseband processors with the relevant wireless communications standards listed in the Subpoena and these standards' specifications.  This Motion is accompanied with a Memorandum of Points and Authorities, the Declaration of Eliza Finley with referenced exhibits and the proposed order submitted herewith.

Despite a time-consuming effort to negotiate Intel's compliance with Sol IP's Subpoena and Sol IP's proposal for a substantial narrowing of information sought by the Subpoena, Sol IP has been unable to secure Intel's agreement to produce requested source code and documents.  Because fact discovery in the underlying cases is set to close on January 20, 2020, and the deadline for motions to compel is on same date, Sol IP has no choice at this time but seek assistance from the Court to compel Intel to comply with Sol IP's subpoena.

This Motion is following two telephonic conferences with Intel's counsel on December 30, 2019 and January 14, 2020, as well as email correspondence between counsel for Sol IP and Intel.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## PLAINTIFF SOL IP'S MOTION TO COMPEL

The underlying consolidated action is a patent infringement lawsuit brought by Sol IP, currently pending in the United States District Court for the Eastern District of Texas, Marshall Division, *Sol IP, LLC v. AT&T Mobility LLC, et al,* Lead Case No. 2:18-cv-00526-RWS-RSP.  Sol IP has filed infringement claims against multiple defendants in these consolidated cases, asserting patents that are essential to certain LTE and Wi-Fi Standards and these Standards' specifications. The accused products include mobile devices that are used on Defendants' wireless networks and that are sold by Defendants.  Certain of these devices incorporate baseband processors provided by Intel that enable their functionality on Defendants' wireless networks.  This Motion concerns Intel's failure to comply with Sol IP's subpoena seeking source code and documents related to the patented standard-essential technologies.

The relevant procedural history concerning this Motion is summarized as follows:

- On October 29, 2019, a subpoena was issued from the United States District Court for the Eastern District of Texas by Sol IP to Intel requesting documents and the inspection of source code related to the implementation of patented technology.  Ex. A.[1]  The subpoena response date was noticed for November 14, 2019.  *Id.* at 1.

- Intel served its objections and responses to Sol IP's subpoena on November 13, 2019. Ex. B.  In its responses, Intel interposed pages of boilerplate objections but did not agree to produce any of the requested information.

- Counsel for Sol IP contacted counsel for Intel on December 11, 2019, to discuss Intel's objections and responses to Sol IP's subpoena. Ex. C at 7.

---

[1] All exhibits are attached to the Declaration of Eliza Finley ("Finley Decl."), filed concurrently herewith.

PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ON INTEL

Having received no response, Sol IP's counsel followed up with Intel's counsel on December 25, 2019. *Id.* Intel's counsel responded by suggesting a telephonic meet and confer on December 30, 2019. *Id.*

- On December 30, 2019, counsel for Sol IP and Intel met and conferred to discuss Intel's objections and responses to Sol IP's subpoena. Finley Decl. ¶ 5. During this meet and confer, Sol IP proposed to substantially narrow the scope of the subpoena to (1) statement of compliance documents for the relevant Intel chips and the relevant wireless communications standards; and (2) source code of Intel software for the relevant Intel chips and relevant technology. Sol IP memorialized this proposal in an email on January 2, 2020. Ex. C at 5. Sol IP also provided Intel with a summary of technology at issue in the underlying lawsuit and identified two specific chipsets used in the accused devices. *Id.* Sol IP requested that Intel confirm by January 8, 2020 whether Intel would produce the requested documents. *Id.*

- Intel's counsel responded to Sol IP on January 14, 2020, requesting a conference call. *Id.* Counsel for Sol IP and Intel met and conferred telephonically on the same date. Intel stated that identified chipsets did not have wireless communication functionality and also advised Sol IP that Intel was unlikely to produce any source code. Finley Decl. ¶ 6.

- On January 15, 2020, Sol IP emailed Intel, identifying an Intel wireless modem with a baseband processor in the relevant device, which it ascertained from publicly available information. Sol IP requested confirmation "whether Intel will provide source code for the relevant functionalities and any statements of compliance for the [identified] modem relating to the relevant 3GPP standards." Ex. C at 3. Sol IP also asked Intel to determine whether it knew what modem was used in another identified accused device and to provide the same information for it. *Id.*

- Intel failed to respond to Sol IP's January 15, 2020 email. Sol IP's counsel

followed up on January 19, 2020, and proposed a mutual agreement regarding Intel's compliance with Sol IP's subpoena:

> (1) Sol IP will agree to limit the scope of its subpoena to statements of compliance and source code related to the Intel baseband processors used in the ASUS Memo Pad 7 LTE and the ASUS Memo Pad FHD10;
>
> (2) Intel will not argue that the passing of the discovery cut-off excuses its obligations under the subpoena;
>
> (3) Intel will agree to provide the statements of compliance to 3GPP standards for the aforementioned baseband processors that it was able to find after completing a reasonable search;
>
> (4) Intel will agree to provide source code for the relevant functionalities for those two baseband processors; and
>
> (5) The parties otherwise reserve their rights with respect to the subpoena.

Ex. C at 1.  Intel did not respond to Sol IP's January 19, 2020 proposal.

## APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 34(c) states that "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection move for an order to compel." Fed. R. Civ. P. 34(c). "A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "The serving party may, at any time, on notice to the commanded person, move the court for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i)." *Greenspan v. County of San Diego*, 2014 WL 171653, at *1 (S.D. Cal. Jan. 9, 2014).

## ARGUMENT

There can be no dispute that information sought by Sol IP is relevant and

1   important to the issues at stake in and proportional to the needs of the underlying

2   action as it relates to implementation of the patented technology in the accused

3   devices with Intel's baseband processors and software.  The discovery sought is

4   also important and proportional because Intel is the only party that can provide

5   source code for its baseband processors.  Sol IP attempted to worked cooperatively

6   with Intel for over a month in order to obtain the discovery sought by the Subpoena

7   in the most efficient and least burdensome manner.  However, Intel simply failed to

8   comply.

9        Sol IP agreed to significantly narrow the subpoena to only two categories of

10   information: (1) the statement of compliance documents for the relevant Intel chips

11   relating to the relevant wireless communications standards; and (2) source code of

12   Intel software for the relevant Intel chips and relevant technology.  Sol IP

13   specifically identified two accused devices with Intel's chips and narrowed its

14   subpoena to seek two categories of information for Intel's chips in these devices

15   only.

16        Despite Sol IP's efforts, to date, Intel has not produced a single document

17   and did not produce any of the requested source code. Further, Intel did not respond

18   to Sol IP's proposal for mutual agreements regarding Intel's compliance with a

19   subpoena that were aimed at avoiding motion practice.

20        Simply stated, Intel has run out the clock and, to date, failed to make a

21   commitment to comply with any aspect of Sol IP's subpoena.  With fact discovery

22   in the underlying cases scheduled to close and the deadline for motions to compel

23   set for January 20, 2020, Sol IP's only recourse at this point is to seek urgent relief

24   from this Court.

25                                **CONCLUSION**

26        Sol IP respectfully requests the Court enter an order compelling Intel to

27   produce relevant source code and documents in response to Sol IP's subpoena.

28

1

2   Dated:  January 20, 2020                          SUSMAN GODFREY L.L.P.

3                                                                By:

4                                                                _____

5                                                                KALPANA SRINIVASAN (237460)
                                                                 ksrinivasan@susmangodfrey.com
6                                                                KATHRYN P. HOEK (219247)
                                                                 khoek@susmangodfrey.com
7                                                                OLEG ELKHUNOVICH (269238)
                                                                 oelkhunovich@susmangodfrey.com
8                                                                SUSMAN GODFREY L.L.P.
                                                                 1900 Avenue of the Stars, Suite 1400
9                                                                Los Angeles, California  90067-6029
                                                                 Telephone:  (310) 789-3100
10                                                               Facsimile:  (310) 789-3150

11                                                               Attorneys for Plaintiff Sol IP, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

I, the undersigned, declare:

3

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1900

4

Avenue of the Stars, Suite 1400, Los Angeles, California 90067-6029.

5

On January 20, 2020, I served the foregoing document(s) described as follows:

6

**PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ON INTEL**

7

8

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

9

_____ BY MAIL:

10

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the

11

U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion

12

of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in

13

affidavit.

14

_____ BY PERSONAL SERVICE:

I caused to be delivered such envelope by hand to the offices of the

15

addressee.

16

_____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

17

_____ BY FAX

I served by facsimile as indicated on the attached service list.

18

_XX_ BY ELECTRONIC MAIL

19

I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

20

Executed on January 20, 2020, at Los Angeles, California.

21

_____ (State) I declare under penalty of perjury under the laws of the State of

22

California that the above is true and correct.

23

_XX_ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

24

25

_____ Oleg Elkhunovich _____          _O. Elkhunovich_ _____

26

(Type or Print Name)                         (Signature)

27

28

1

<u>**SERVICE LIST**</u>

2

<u>**Counsel for Intel:**</u>

3

4

Megan Whyman Olesek
**TURNER BOYD LLP**
702 Marshall St., Suite 640

5

Redwood City, CA 94063
Tel.: 650-521-5930

6

Fax: 650-521-5931
Email: olesek@turnerboyd.com

7

8

<u>**Counsel for Defendants:**</u>

9

Theodore Stevenson III
Nicholas Mathews
Rudolph Find

10

**MCKOOL SMITH, PC**
300 Crescent Court, Suite 1500

11

Dallas, TX 75201
Telephone: (214) 978-4000

12

Facsimile: (214) 978-4044
tstevenson@mckoolsmith.com

13

nmathews@mckoolsmith.com
rfink@mckoolsmith.com

14

15

Benjamin Hershkowitz
Josh A. Krevitt
Brian A. Rosenthal

16

Florina Yezril
Sarah L. Segal

17

Paul J. Kremer

18

**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue

19

New York, New York 10166-0193
Telephone: (212) 351-4000

20

Facsimile: (212) 351-4035
bhershkowitz@gibsondunn.com

21

krevitt@gibsondunn.com
BARosenthal@gibsondunn.com

22

FYezril@gibsondunn.com
SSegal@gibsondunn.com

23

PKremer@gibsondunn.com

24

Brian Buroker
Brian K. Andrea
Omar Farooq Amin

25

**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.

26

Washington, DC 2036-5306
Telephone: (202) 955-8541

27

Telephone: (202) 877-3624
bburoker@gibsondunn.com

28

bandrea@gibsondunn.com

OAmin@gibsondunn.com

Ryan Iwahashi
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5367
Facsimile: (650) 849-5333
riwahashi@gibsondunn.com

Thomas M. Melsheimer
M. Brett Johnson
Michael A. Bittner
J. Travis Underwood
Ahtoosa Dale
**WINSTON & STRAWN LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400
tmelsheimer@winston.com
mbjohnson@winston.com
mbittner@winston.com
tunderwood@winston.com
adale@winston.com

Michael R. Rueckheim
**WINSTON & STRAWN LLP**
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
Telephone: (650) 858-6500
Facsimile: (650) 858-6550
mrueckheim@winston.com

Vivek V. Krishnan
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-9508
Facsimile: (312) 558-5700
vkrishnan@winston.com

**Represents Nokia**

David A. Nelson
Stephen A. Swedlow
Brianne M. Straka
John J. Poulos
Athena Dalton
Ian M. Moodie
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Dr., Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

Facsimile (312) 705-7401
davenelson@quinnemanuel.com
stephenswedlow@quinnemanuel.com
briannestraka@quinnemanuel.com
johnpoulos@quinnemanuel.com
athenadalton@quinnemanuel.com
ianmoodie@quinnemanuel.com

Sean Gloth
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Facsimile: (202) 538-8100
seangloth@quinnemanuel.com

Gavin Snyder
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
600 University Street, Suite 2800
Seattle, WA 98101
Telephone: (206) 905-7000
Facsimile: (206) 905-7100
gavinsnyder@quinnemanuel.com

Deron R. Dacus
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: 903-705-1117
Facsimile: 903-581-2543
ddacus@dacusfirm.com

Robert W. Weber
**SMITH WEBER, L.L.P.**
5505 Plaza Drive
Texarkana, TX 75503
Telephone: 903-223-5656
Facsimile: 903-223-5652
bweber@smithweber.com

David Finkelson
Justin Lowery
Kristen M. Calleja
George B. Davis
**McGuireWoods LLP**
800 E. Canal Street
Richmond, VA 23219
Telephone: 804-775-1157
Facsimile: 804-775-1061
dfinkelson@mcguirewoods.com
jlowery@mcguirewoods.com
kcalleja@mcguirewoods.com
gdavis@mcguirewoods.com

Andriana Daly

**McGuireWoods LLP**
800 E. Canal Street
Richmond, VA 23219
Telephone: 804-775-7512
Facsimile: 804-440-7727
adaly@mcguirewoods.com

Michael J. Newton (Lead Attorney)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201-2748
Telephone: (214) 922-3400
Fax: (214) 922-3899
mike.newton@alston.com

Ross R. Barton
J. Ravindra Fernando
Karlee Wroblewski
**ALSTON & BIRD LLP**
101 South Tyron Street, Suite 4000
Charlotte, North Carolina, 28280
Telephone: (704) 444-1000
Fax: (704) 444-1111
ross.barton@alston.com
ravi.fernando@alston.com
karlee.wroblewski@alston.com

Darlena H. Subashi
**ALSTON & BIRD LLP**
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-1277
Fax: (212) 210-9444
darlena.subashi@alston.com

David S. Frist
Nicholas T. Tsui
Michael C. Deane
Lindsay Church
**ALSTON & BIRD LLP**
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Fax: (404) 881-7777
david.frist@alston.com
nick.tsui@alston.com
michael.deane@alston.com
lindsay.church@alston.com

E. Leon Carter
Scott W. Breedlove
Laura Maninger
**CARTER ARNETT, PLLC**
8150 N. Central Expressway, Suite 500

Dallas, Texas 75206
Telephone: (214) 550-8188
Fax: (214) 550-8185
lcarter@carterarnett.com
sbreedlove@carterarnett.com
lmaninger@carterarnett.com

Michael E. Jones
Patrick C. Clutter
**POTTER MINTON, PC**
110 N College Ave., Ste. 500
Tyler, TX 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com
patrickclutter@potterminton.com